IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ROBERT SHANE KNIGHT**  **PLAINTIFF**
**ADC #149033**

v.  No: 1:18-cv-00068 KGB-PSH

**CHARLES L. LIGGETT,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Robert Shane Knight filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 4, 2018, while incarcerated at the Arkansas Department of Correction's (ADC) Grimes Unit. Doc. No. 2. Knight was ordered to file amended complaints on two occasions. Doc. Nos. 3 & 6. The most recent order directed Knight to describe specific facts to show how each defendant violated his constitutional rights and how he was injured as a result. Doc. No. 6. Knight was cautioned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. *Id.*

Knight filed a second amended complaint on October 17, 2018. Doc. No. 11. Because Knight fails to describe facts sufficient to state a claim for relief, the undersigned recommends dismissal of his claims without prejudice.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Knight claims that his constitutional rights were violated because he has been detained without the chance of parole due to a change in his classification for medical reasons. Doc. No. 11 at 7. Knight is also dissatisfied with the medical treatment he has received. *Id.* at 7-9. Knight seeks nominal, compensatory, and

2

punitive damages for being detained longer than he expected, for mental and emotional injuries, and for not being cured. *Id.* at 9.

**Parole & Class Status.** A convicted person has no constitutional or inherent right to parole before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). The parole process is governed by state law, and "state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined." *Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987). The Arkansas Parole statute, Ark. Code Ann. § 16-93-701 *et seq.*, establishes only the possibility of parole; it does not create "a right of an inmate to release on parole which would invoke due process protection." *Robinson v. Mabry*, 476 F. Supp. 1022, 1023 (E.D. Ark. 1979).

Furthermore, an inmate has no liberty interest in a particular prison classification. *See Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (no federally protected right regarding classification); *see also Madewell v. Roberts,* 909 F.2d 1203, 1207 (8th Cir. 1990) (ADC inmate has no right to consideration of Class I status); *Strickland v. Dyer,* 628 F. Supp. 180, 181 (E.D. Ark. 1986) (because Arkansas law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, ADC prisoner could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction).

Finally, Knight's claim for damages based on his continued confinement is subject to dismissal pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994). *Heck* bars a claim for damages if a judgment in a plaintiff's favor would necessarily imply the invalidity of the plaintiff's conviction, continued imprisonment, or sentence and the conviction or sentence has not been reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. 512 U.S. at 486-

487.  An award in Knight's favor would necessarily imply the invalidity of Knight's continued imprisonment.[1]

For these reasons, Knight fails to state a viable constitutional claim with respect to his class status and continued incarceration, and these claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

*Medical Treatment*.  Knight claims his medical problems have been treated but not cured. Knight fails to describe sufficient facts to state a constitutional claim based on his medical treatment.  The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Because Knight has not provided a single detail to describe his medical condition or how it has been treated, Knight has not alleged facts to support an Eighth Amendment medical indifference claim.  Knight's medical indifference claim should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[1] Knight does not ask to be released from prison.  The sole remedy for a prisoner seeking release from prison is to file a federal habeas petition, pursuant to 28 U.S.C. § 2254, once he has exhausted his available remedies in state court.  *Preiser v. Rodriguez*, 411 U.S. 475, 484, 499 (1973).

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Knight's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 30th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE